United States District Court
District of Connecticut

March 4, 2015
Jasha Oliver
Deputy Clerk

Jerome Riddick,                    : Civil Case No.
              Plaintiff            : 3:15cv 322(SRU)

vs.                                :

Semple, Falcone, Hein,            :
Dilworth, McDaniels and          :
Calderon, all sued in their      :
individual and official capacities. :

        Defendants.              : February 27, 2015


## Complaint

1. Plaintiff Jerome Riddick brings this action pursuant to 42 USC §§ 1983 and 2000cc because Defendants have knowingly kept him on Administrative Segregation status without meaningful periodical review to take him off.

1 of 21

and subjected him to conditions of confinement that amounts to segregation and seclusion without professional judgment in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. Plaintiff also alleges that while in segregation and/or seclusion he is not permitted to practice his religion in violation of the First Amendment to the Constitution and the Religious Land Use and Institutionalized Persons Act.

## Parties

2. Plaintiff Jerome Riddick ("Plaintiff") is an inmate in the custody of the Connecticut Department of Correction who was confined at Northern Correctional Institution and is now confined at Garner Correctional Institution.

3. Defendant Semple ("Semple") is the current Commissioner of the Connecticut Department of Correction ("DOC"). As such, he is responsible for the creation and enforcement of its policies, the training and

supervision of its employees, and the custody and care of inmates in its facilities. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

4. Defendant Falcone ("Falcone") is the current Warden at Garner Correctional Institution ("Garner"). As such, he is responsible for the creation and enforcement of policies at Garner, the training and supervision of persons working at Garner, and the custody and care of inmates at Garner. At all relevant times, he was acting within the scope of his employment and under color of State law. He is sued in his individual and official capacities.

5. Defendants Hein and Dilworth ("Hein" and ("Dilworth") are the current Deputy Wardens at Garner. As such, they are responsible for assisting the Warden in the creation and enforcement of policies at Garner, the training and supervision of persons working at Garner, and the custody and care of inmates at Garner. At all relevant times, they were acting within the

scope of their employment and under color of state law. They are sued in their individual and official capacities.

6. Defendant Savoie ("Savoie") is a Registered Nurse employed or retained by Northern Correctional Institution for the purpose of providing medical care and treatment to inmates. She is responsible for the medical care and treatment of Plaintiff during the period of his confinement at Northern Correctional Institution ("Northern"). At all relevant times, she was acting within the scope of her employment and under color of state law. She is sued in her individual capacity.

7. Defendant Wright ("Wright") is a medical Doctor employed or retained by Northern for the purpose of providing medical care and treatment to inmates. He is responsible for the medical care and treatment of Plaintiff during the period of his confinement at Northern. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual capacity.

8. Defendant Calderon ("Calderon") is the current Correctional Counselor at Garner in Gulf Unit. As such, he is responsible for assisting the unit manager in the custody and care of inmates in Gulf Unit. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

9. Defendant McDaniels ("McDaniels") is the current Captain and unit Manager at Garner in Gulf Unit. As such she is responsible for the custody and care of inmates in Gulf Unit. At all relevant times, she was acting within the scope of her employment and under color of state law. She is sued in her individual and official capacities.

<u>Defendants</u>

5 of 21

10. First Defendant
    a. Full Name: Scott Semple
    b. Rank or Title: Commissioner
    c. Workplace: Connecticut Department of Correction

11. Second Defendant
    a. Full Name: Henny Falcone
    b. Rank or Title: Warden
    c. Workplace: Garner CI

12. Third Defendant
    a. Full Name: Nathan Hein
    b. Rank or Title: Deputy Warden
    c. Workplace: Garner CI

13. Fourth Defendant
    a. Full Name: Denise Dilworth
    b. Rank or Title: Deputy Warden
    c. Workplace: Garner CI

14. Fifth Defendant
    c. Full Name: Calderon
    b. Rank or Title: Correctional Counselor
    c. Workplace: Garner CI

<u>Defendants</u>

15. <u>Sixth Defendant</u>
   a. Full Name: McDaniels
   b. Rank or Title: Captain
   c. Workplace: Garner CI

16. <u>Seventh Defendant</u>
   a. Full Name: Carson Wright
   b. Rank or Title: Medical Doctor
   c. Workplace: Northern CI

17. <u>Eighth Defendant</u>
   a. Full Name: Barbara Savoie
   b. Rank or Title: Register Nurse
   c. Workplace: Northern CI

## Jurisdiction And Venue

18. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 because this action arises under the Constitution and laws of the United States and pursuant to 28 USC § 1343 (a) (3) because this action seeks to redress the deprivation of constitutional rights under color of state law.

19. This Court has jurisdiction to grant declaratory relief pursuant to 28 USC § 2201 and 2202 and Federal Rule of Civil Procedure 57.

20. This Court has jurisdiction to grant injunctive relief pursuant to Federal Rule of Civil Procedure 65.

21. Venue in this judicial district is proper pursuant to 28 USC 1391 (b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

<u>Statement of Facts</u>

<u>Denial of Due Process By Not Allowing Plaintiff To
Progress Out of Administrative Segregation Status</u>

22. Ever since Plaintiff came to Garner on or about March 17, 2014 Defendants Falcone, Hein and Dilworth Kept Plaintiff on Administrative Segregation (A/S) for mentally ill inmates.

23. Defendants Falcone, Hein and Dilworth are aware that Plaintiff has been A/S for years.

24. There are 3 phase levels in the A/S phase program. Phase 1 is between one and six months, and phases 2 and 3 are both 90 days.

25. Plaintiff has progressed all the way through the A/S phases and has completed the 90 days Disciplinary free.

26. On or about October 30, 2014 Plaintiff completed all of A/S phase 3.

27. Defendants Falcone, Hein and Dilworth are aware that Plaintiff has completed all of phase 3 and Defendants refuse to take Plaintiff off A/S. These Defendants have

continued Plaintiff on A/S status after completion of A/S phase 3.

28. To keep inmates on A/S status after they have completed A/S phase 3 is contrary to the Administrative Directives and policies of the DOC.

29. It is the normal practice of the DOC to take inmates off A/S status after they have completed 90 days Disciplinary Report free.

30. Defendants Falcone, Hein and Dilworth know its wrong to keep Plaintiff on A/S after he completed 90 days Disciplinary Report free.

31. Defendants Falcone, Hein and Dilworth kept Plaintiff on A/S status without meaningful periodical review to progress him off.

32. Plaintiff has a due process right in progressing out of A/S status.

<u>Denial of Due Process By Subjecting Plaintiff To Segregation And Seclusion</u>

33. Defendants Falcone, Hein, Dilworth, McDaniels and

Calderon have subjected Plaintiff to conditions of confinement that amounts to segregation and seclusion without professional judgment.

34. Defendants Fulcone, Hein, Dilworth, McDaniels and Calderon are aware that Plaintiff has a history of mental illness.

35. Defendants Fulcone, Hein, Dilworth McDaniels and Calderon have subjected Plaintiff to the following forms of segregation and seclusion: punitive segregation, loss of recreation and confinement to quarters.

36. While on loss of recreation and confinement to quarters Defendants Fulcone, Hein, Dilworth, McDaniels and Calderon refuses to allow Plaintiff out of cell time for daily exercise.

37. Sometimes Plaintiff is on loss of recreation and confinement to quarters for up to one week (7 days) without out of cell time for exercise.

38. Plaintiff's time in punitive segregation, loss of recreation and confinement to quarters was for punitive reasons and not for medical and mental health reasons.

39. At no time did Plaintiff pose an imminent risk of harm to himself or others when he was subjected to conditions of confinement that amounts to segregation and seclusion by Defendants Falcone, Hein, Dilworth, McDaniels and Calderon.

40. Because of Plaintiff's mental health status segregation and seclusion must be used for medical/mental health reasons and not for punitive reasons.

41. Defendants Falcone, Hein, Dilworth, McDaniels and Calderon did not seek mental health interventions before punishing Plaintiff with segregation and seclusion.

42. All Defendants knew that mentally ill inmates such as Plaintiff should not be subjected to segregation and seclusion absent medical approval.

43. Plaintiff repeatedly informed Defendants about his conditions.

44. Defendants Falcone, Hein, Dilworth, McDaniels and Calderon disregarded the excessive risk to Plaintiff's mental health needs by continuing to subject him to the conditions of confinement herein and by failing to take any corrective action.

## Failure To Train To Exclude Mentally Ill Inmates From Conditions of Confinement That Amounts To Segregation And Seclusion

45. Upon information and belief, Defendants Semple, Falcone, Hein and Dilworth failed to train its officers to exclude mentally ill inmates from conditions of confinement that amounts to segregation and seclusion absent medical/mental health approval.

46. Defendants Semple, Falcone, Hein and Dilworth was aware that correctional officers and other guards at Garner were subjecting mentally ill inmates to conditions of confinement that amounts to segregation and seclusion absent medical/mental health approval and failed to remedy the wrong when they was aware it.

47. Defendant Semple was aware that correctional officers and other guards was subjecting mentally ill inmates in and through out the DOC facilities to conditions of confinement that amounts to segregation and seclusion and failed to remedy the wrong when he was aware of it.

48. All Defendants have caused Plaintiff to suffer

irreparable harm and Plaintiff lacks an adequate remedy at law.

## Plaintiff's Serious Mental Illness

49. Plaintiff has been classified a serious mentally ill inmate

50. Plaintiff has been diagnosed with several mental disorders including but not limited to , post traumatic stress disorder , attention deficit hyperactive disorder, impulse control disorder, antisocial personality disorder and borderline personality disorder.

51. Plaintiff has taken medications to treat his serious mental illness since childhood.

## Plaintiff Is Not Permitted To Practice His Religion While In Segregation

52. Plaintiff is not permitted to practice his religion while in segregation at Garner.

53. Even though the DOC Administrative Directives permits inmates in segregation to have their prayer rug but it does not specifically permits inmates to have religious books such as a Holy Bible and/or Holy Qur'an.

54. Plaintiff is a muslim prisoner who practices his religion faithfully.

55. Defendants Falcone, Hein and Dilworth have left it up to the correctional officers discretion on deciding what, if any, religious books and material inmates may have.

56. Everytime Plaintiff was in segregation at Garner correctional officers refused to bring him his Qur'an and prayer rug so he can worship the creator and One God.

57. Plaintiff was in segregation on the following dates: July 24, 2014, November 21, 2014 and February 9, 2015, and each time correctional officers refused him his Holy Qur'an and prayer rug.

58. Defendants Falcone, Hein and Dilworth are aware that correctional officers in segregation do not give inmates their religious property.

## First Count

59. Plaintiff incorporates the allegations in paragraphs 1 - 58 herein.

60. Defendants Semple, Falcone, Hein, Dilworth, McDaniels and Calderon have violated Plaintiff's rights to be from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution enforceable through 42 USC § 1983 by acting with Deliberate Indifference to Plaintiff's serious mental health needs.

61. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered the mental and physical harm described herein.

## Second Count

62. Plaintiff incorporates the allegations in paragraphs 1- 61.

63. Defendants Semple, Falcone, Hein and Dilworth have violated Plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution enforceable through 42 USC § 1983 by creating a policy and custom or allowing the continuance of a policy or custom under which Plaintiff is subjected to conditions of confinement that amounts to segregation and seclusion absent professional judgment, and

by failing to adequately supervise and train subordinates who committed the violations described herein.

64. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered the mental and physical harm described herein.

## Third Count

65. Plaintiff incorporates the allegations in paragraphs 1-64.

66. Plaintiff had a protected liberty interest in progressing out of Administrative Segregation status.

67. Defendants Semple, Falcone, Hein and Dilworth violated Plaintiff's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution enforceable through 42 USC § 1983 by failing to progress Plaintiff out of Administrative Segregation status and by keeping Plaintiff on Administrative Segregation status without meaningful periodical review to take him off.

68. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered the mental

and physical harm described herein

## Fourth Count

69. Plaintiff incorporates the allegations in paragraphs 1-68.

70. Defendants Semple, Falcone, Hein and Dilworth have violated Plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution enforceable through 42 USC § 1983 by creating a policy and custom or allowing the continuance of a policy and custom under which Plaintiff is deprived of religious materials and by failing to adequately supervise and train subordinates who committed the violations described herein.

71. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered the mental and physical harm described herein.

## Fifth Count

72. Plaintiff incorporates the allegations in paragraphs 1-71.

73. Defendants Semple, Falcone, Hein and Dilworth have

violated Plaintiff's rights to freedom of religion under the First Amendment to the United States Constitution enforceable through 42 USC §§ 1983 and 2000 cc by creating a substantial burden under which Plaintiff is deprived of religious exercise.

74. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered the mental and physical harm described herein.

<u>Prayer For Relief</u>

Wherefore, Plaintiff respectfully prays for relief as follows:

1. A declaratory judgment that the actions of Defendants violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

2. An injunction restraining Defendants from subjecting Plaintiff to the conditions of confinement described herein, preventing Defendants from confining Plaintiff to segregation and seclusion absent professional judgment, and ordering Defendants to permit Plaintiff religious exercise if Plaintiff is confined to segregation and seclusion.

3. An award of compensatory damages against Defendants in their individual capacities.

4. An award of punitive damages against Defendants in their individual capacities.

5. Such other relief as the Court may deem just and proper.

Plaintiff Jerome Riddick

By: _Jerome Riddick_____

Plaintiff Jerome Riddick

By: _____Jerome Riddick_____

Jerome Riddick # 295006
Cheshire CI
900 Highland Ave
Cheshire, CT 06410