UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEROME RIDDICK,
    Plaintiff,

v.    No. 3:15-cv-322 (SRU)

SEMPLE, et al.,
    Defendants.

## INITIAL REVIEW ORDER

The plaintiff, Jerome Riddick, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983. The Court received the complaint on March 4, 2015. Riddick's motion to proceed *in forma pauperis* was granted the following day. Riddick names six defendants in the case caption: Commissioner Semple, Warden Falcone, Deputy Wardens Hein and Dilworth, McDaniel and Calderon. All defendants are named in their individual and official capacities. Riddick challenges his continued placement on Administrative Segregation status as a violation of his rights under the Eighth and Fourteenth Amendments and contends that the placement has prevented him from practicing his religion in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA").

I.   **Standard of Review**

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*,

480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  However, *pro se* documents are liberally construed and interpreted to raise the strongest arguments they suggest.  *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

## II.  Background

Riddick was transferred to Garner Correctional Institution on March 17, 2014.  Since that date, he has been confined on Administrative Segregation status.  Riddick completed all three phases of the Administrative Segregation Program on October 14, 2014, but was not permitted to leave the program.

## III.  Discussion

Riddick challenges his continued placement on Administrative Segregation status without meaningful review as violating his Fourteenth Amendment due process rights.  He also contends that confinement in segregation prevented him from practicing his religion in violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*

A.  Claims Against Nurse Savioe and Dr. Wright

In addition to the defendants listed in the case caption, Riddick identified Nurse Barbara Savoie and Dr. Carson Wright as defendants in the body of his complaint.  Riddick states that Nurse Savoie and Dr. Wright work at Northern Correctional Institution.  The claims in this case concern Riddick's confinement in Administrative Segregation at Garner Correctional Institution.  He includes no factual allegations concerning his prior confinement at Northern Correctional Institution and no claims concerning medical treatment.  Accordingly, any possible claims against Nurse Savoie and Dr. Wright are dismissed pursuant to 28 U.S.C. § 1915A because Riddick fails to allege a plausible claim against them.

The Court will not permit Riddick to amend his complaint to include allegations against Nurse Savoie and Dr. Wright.  This action concerns Riddick's confinement at Garner Correctional Institution.  Any claims against Nurse Savoie and Dr. Wright would not be related to that confinement and should be pursued in a separate action.

B.  Claims against Defendants Semple, Falcone, Hein and Dilworth

Riddick has named as defendants Commissioner Semple, Warden Falcone, and Deputy Wardens Hein and Dilworth.  He describes these defendants as being responsible for creating and enforcing policies, training and supervising employees and the general custody and care of inmates.  Riddick alleges that defendants Falcone, Hein and Dilworth were "aware" that he had completed the Administrative Segregation Program and refused to remove him from Administrative Segregation status.  He alleges that he repeatedly informed the defendants of his conditions of confinement in segregation.

Although these allegations might be insufficient at trial or on summary judgment, the Second Circuit has held that allegations that a prisoner informed supervisory officials of his

claims can be sufficient to state a claim for supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013). The claims against the supervisory defendants will proceed at this time.

    C.  Injunctive Relief

Finally, Riddick seeks injunctive relief concerning his placement in administrative segregation at Garner Correctional Institution. Requests for injunctive relief conditions of confinement at a particular correctional facility become moot when the inmate is transferred to a difference correctional facility. *See Mawhinney v. Henderson*, 543 F.2d 1, 2 (2d Cir. 1976). Riddick's official capacity claims, *i.e.*, his requests for injunctive relief are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## ORDERS

Accordingly, the court enters the following orders:

(1)    Any claims intended to be filed against Barbara Savoie and Carson Wright and the official capacity claims are **DISMISSED** without prejudice to refiling in a separate action.

(2)    The **Clerk shall** verify the current work addresses of defendants Semple, Falcone, Hein, Dilworth, McDaniel and Calderon with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at that address within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be

required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The **Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) The **Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.

It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

    It is so ordered.

    Dated at Bridgeport, Connecticut, this 6th day of April 2015.

                                                    /s/ STEFAN R. UNDERHILL
                                                  Stefan R. Underhill
                                                  United States District Judge