UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JA-QURE AL-BUKHARI<br>a/k/a JEROME RIDDICK,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER SEMPLE, ET AL.,<br>    Defendants. | Case No. 3:15-cv-00322 (SRU) (LEAD) |

## **ORDER OF DECONSOLIDATION AND DISMISSAL OF CLAIMS**

Plaintiff Ja-Qure Al-Bukhari ("Al-Bukhari"), a/k/a Jerome Riddick, is currently confined in a Connecticut Department of Correction facility. On July 13, 2017, the court held a status conference to discuss the management of ten civil cases filed by Al-Bukhari. At that time, this lead case had already been consolidated with member case *Al-Bukhari v. Connecticut Department of Correction, et al.*, Case No. 3:15-cv-528 (SRU). *See* Notice of Consolidation, Doc. No. 24. On July 21, 2017, the court issued an order pertaining to the consolidation of this lead case with *Al-Bukhari v. Department of Correction, et al.*, Case No. 3:16-cv-439 (SRU), and *Riddick v. Semple, et al.*, Case No. 3:16-cv-1769 (SRU), in an effort to consolidate all cases that asserted claims regarding Al-Bukhari's placement on Administrative Segregation and the conditions of confinement in Administrative Segregation. *See* Order, Doc. No. 64, at 2. Pursuant to the court's order of consolidation and the clerk's notice of consolidation, member cases *Al-Bukhari v. Department of Correction, et al.*, Case No. 3:16-cv-439 (SRU), and *Riddick v. Semple, et al.*, Case No. 3:16-cv-1769 (SRU) were consolidated with this lead case, the member cases were closed without prejudice and Al-Bukhari was to file an amended complaint in this lead case to assert claims pertaining to his placement on Administrative Segregation and

the conditions of confinement in Administrative Segregation. *See* Order, Doc. No. 64, at 2; Notice of Consolidation, Doc. No. 65, at 1.

On August 15, 2017, Al-Bukhari filed an amended complaint in this action. *See* Am. Compl., Doc. No. 66. The amended complaint names the Department of Correction, an assistant attorney general and thirty-nine employees of the Department of Correction as defendants and includes twenty-eight counts relating to Al-Bukhari's confinement at Garner Correctional Institution ("Garner"), Cheshire Correctional Institution ("Cheshire"), and Northern Correctional Institution, ("Northern"). *See id.* Counts one through four, ten through thirteen, and sixteen pertain to Al-Bukhari's placement in Administrative Segregation at Cheshire and Garner in 2014 and 2015 and the conditions of confinement in Administrative Segregation at Cheshire, Garner and Northern, including mental health treatment, during a period from March 2014 to August 2017; counts five through nine pertain to deprivations of Al-Bukhari's First Amendment right to practice the Muslim religion at Garner and Cheshire in 2014 and 2015; count fourteen pertains to the issuance of a disciplinary report in May 2015 for security tampering in retaliation for Al-Bukhari's use of outgoing mail; count fifteen pertains to a strip search of Al-Bukhari performed in August 2015; count seventeen pertains to a decision by prison staff to deny Al-Bukhari access to a sexually-explicit magazine in December 2014; and counts eighteen through twenty-eight pertain to violations and the enforcement of the terms of the 2014 Settlement Agreement and the 2015 Clarification of the terms of the agreement entered in *Riddick v. Department of Correction, et al.*, Case No. 13-cv-656 (SRU), including a claim that defendants refused to comply with the terms of the 2014 Settlement Agreement in retaliation for Al-Bukhari's filing of two lawsuits in

2015. *See id.* at 4, 6-39.

On April 11, 2018, the court filed an order clarifying the claims raised in five cases filed by Al-Bukhari that remain open, including this action, and one of the closed member cases that is consolidated with this action, *Riddick v. Semple, et al.*, Case No. 16-cv-1769 (SRU). *See* Order, Doc. No. 111. Pursuant to the order, six cases, each involving specific, discrete claims will proceed and any claim currently asserted in one case that should be asserted in a different case will be dismissed without prejudice to inclusion in an amended complaint to be filed in the proper case. *See id.* at 2.

With regard to this consolidated action, the recent order clarifying claims requires the court to deconsolidate and reopen one of the member cases, *Riddick v. Semple, et al.*, Case No. 3:16-cv-1769 (SRU), because that case has been identified as the action in which claims for violations and enforcement of the 2014 Settlement Agreement and the 2015 Clarification of the terms of the agreement entered in *Riddick v. Department of Correction, et al.*, Case No. 13-cv-656 (SRU), will be addressed from this point on. In addition, pursuant to the recent order clarifying claims, Al-Bukhari has moved to withdraw counts nineteen through twenty-eight of the amended complaint, Doc. No. 66, filed in this lead case, which pertain to violations and the enforcement of the March 2014 Settlement Agreement and the 2015 Clarification of the terms of the Agreement. *See* Mot. Withdraw, Doc. No. 117. On June 5, 2018, the court granted the motion to withdraw those claims. *See* Order, Doc. No. 118. As indicated above, the court also considers count eighteen, which includes a claim of a retaliatory refusal by defendants to comply with the terms of the 2014 Settlement Agreement, to be related to counts nineteen through

3

twenty-eight. Thus, count eighteen is hereby dismissed without prejudice to Al-Bukhari asserting that claim in an amended complaint filed in *Riddick v. Semple, et al.*, Case No. 16-cv-1769 (SRU). After the Clerk deconsolidates and reopens *Riddick v. Semple, et al.*, Case No. 3:16-cv-1769 (SRU), the court will issue an order in that case with regard to the filing of an amended complaint to include the claims from counts eighteen through twenty-eight, which pertain to violations and the enforcement of the March 2014 Settlement Agreement and the 2015 Clarification of the terms of the Agreement.

There is no basis on which to deconsolidate member case, *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-439 (SRU), or member case *Al-Bukhari v. Connecticut, et al.*, Case No. 3:15-cv-528 (SRU), from the lead case in this action. Thus, Al-Bukhari's motion to deconsolidate and reopen *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-439 (SRU), [Doc. No. 87], and supplemental motion to deconsolidate and reopen *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-439 (SRU), [Doc. No. 122], are denied. Member cases, *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-439 (SRU), and *Al-Bukhari v. Connecticut, et al.*, Case No. 3:15-cv-528 (SRU), will remain closed and consolidated with this lead case.

The order clarifying claims also requires the dismissal of counts five through nine of the amended complaint, Doc. No. 66, filed in this lead case, because those counts relate to alleged deprivations of Al-Bukhari's First Amendment right to practice his Muslim religion. As indicated in the order clarifying claims, *Al-Bukhari v. Connecticut Department Correction, et al.*, Case No. 3:16-cv-1267 (SRU), includes claims pertaining to violations of Al-Bukhari's rights under the First Amendment religion and Religious Land Use and Institutionalized Persons Act

("RLUIPA"). *See* Order, Doc. No. 111, at 2. Thus, counts five through nine of the amended complaint, Doc. No. 66, filed in this lead case, which pertain to violations of Al-Bukhari's rights under the First Amendment, are hereby dismissed without prejudice to Al-Bukhari asserting those claims in an amended complaint filed in *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-1267 (SRU).

**It is hereby ordered that:**

(1) The Clerk is directed to **DECONSOLIDATE** member case ***Riddick v. Semple, et al.*, Case No. 3:16-cv-1769 (SRU)**, from this consolidated action and to **REOPEN** the case. There is no basis on which to deconsolidate member case, *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-439 (SRU), from the lead case in this action. Thus, Al-Bukhari's Motion to Deconsolidate and to Reopen *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-439 (SRU), [**Doc. No. 87**], and Supplemental Motion to Deconsolidate and to Reopen *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-439 (SRU), [**Doc. No. 122**], are **DENIED**. Member cases, *Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-439 (SRU) and *Al-Bukhari v. Connecticut, et al.*, Case No. 3:15-cv-528 (SRU), **will remain closed and consolidated with this lead case.**

(2) **The claims in counts nineteen (19), twenty (20), twenty-one (21), twenty-two (22), twenty-three (23), twenty-four (24), twenty-five (25), twenty-six (26), twenty-seven (27), and twenty-eight (28),** of the Amended Complaint, Doc. No. 66, filed in this lead case, have been **WITHDRAWN** by Al-Bukhari and **the claim in count eighteen (18),** is hereby **DISMISSED** without prejudice to Al-Bukhari asserting the claim in an amended complaint filed in ***Riddick v. Semple, et al.*, Case No. 3:16-cv-1769 (SRU)**. After *Riddick v. Semple, et al.*,

5

Case No. 3:16-cv-1769 (SRU), is de-consolidated and reopened by the Clerk, the court will issue an order in that case permitting Al-Bukhari to file an amended complaint asserting all claims previously raised in this action in counts eighteen through twenty-eight as well as all claims previously raised in other actions regarding violations and enforcement of the 2014 Settlement Agreement and the 2015 Clarification of the terms of the agreement entered in *Riddick v. Department of Correction, et al.*, Case No. 13-cv-656 (SRU).

(3) **The claims in counts five (5), six (6), seven (7), eight (8), and nine (9),** of the Amended Complaint, Doc. No. 66, filed in this lead case, are hereby **DISMISSED** without prejudice to Al-Bukhari asserting those claims in an amended complaint filed in ***Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-1267 (SRU)**. Accordingly, the court will issue a separate order in ***Al-Bukhari v. Correction, et al.*, Case No. 3:16-cv-1267(SRU),** with regard to the filing of an amended complaint.

In view of this order clarifying the status of the claims asserted in the amended complaint in this action as well as the status of other actions filed by Al-Bukhari, the Motion for Clarification, [**Doc. No. 116**], of the court's April 11, 2018 order clarifying issues in Al-Bukhari's open cases, [Doc. No. 111] is **DENIED** as moot.

So ordered.

Dated at Bridgeport, Connecticut this 16th day of August 2018.

/s/ STEFAN R. UNDERHILL<br>
Stefan R. Underhill<br>
United States District Judge