UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JA-QURE AL-BUKHARI<br>a/k/a JEROME RIDDICK,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER SEMPLE, ET AL.,<br>    Defendants. | :<br>:<br>:<br>: Case No. 3:15-cv-322 (SRU) (LEAD)<br>:<br>:<br>:<br>:<br>: |

## **RULING ON PENDING MOTIONS**

Ja-Qure Al-Bukhari ("Al-Bukhari"), a/k/a Jerome Riddick, is currently confined in the MacDougall-Walker Correctional Institution. He initiated this action in 2015 by filing a complaint against six employees of the State of Connecticut Department of Correction regarding his confinement in administrative segregation at Garner Correctional Institution ("Garner") from March 2014 to March 2015. *See* Compl., ECF No. 1.

On August 15, 2017, Al-Bukhari filed a fourth amended complaint asserting twenty-eight counts against an assistant attorney general, the Department of Correction and thirty-nine of its employees. *See* Fourth Am. Compl., ECF No. 66. On May 31, 2018, Al-Bukhari moved to withdraw counts, nineteen through twenty-eight of the fourth amended complaint, which pertain to violations and the enforcement of the March 2014 Settlement Agreement and the 2015 Clarification of the terms of the Agreement. On June 5, 2018, the court granted the motion to withdraw. *See* Order, ECF No. 118. On August 16, 2018, the court dismissed Count Eighteen, which also pertains to violations and the enforcement of the March 2014 Settlement Agreement and the 2015 Clarification of the terms of the Agreement, to be pursued together with Counts Nineteen through Twenty-Eight, in *Riddick v. Semple, et al.*, Case No. 3:16-cv-1769 (SRU). *See*

Order of Deconsolidation and Dismissal of Claims, ECF No. 124 at 3-4. In addition, the court dismissed Counts Five through Nine, which relate to the alleged deprivations of Al-Bukhari's First Amendment right to practice his Muslim religion, to be pursued in *Al-Bukhari v. Connecticut Department Correction, et al.*, Case No. 3:16-cv-1267 (SRU). *See id.* at 4-5.

On September 21, 2018, the court granted in part the defendants' motion to dismiss addressed to Counts Ten, Eleven, Fourteen, Fifteen and Seventeen of the fourth amended complaint. The court granted the motion with respect to the claim for monetary damages against the defendants in their official capacities, the Eighth Amendment claim of food tampering against Officer Punter in Count Ten, the state law claim of intentional infliction of emotional distress against Officers Punter, Bernard and McGoldrich in Count Ten, the First Amendment retaliation claim asserted against Correctional Treatment Officer Taranovich and Lieutenant Eberle in Count Fourteen, the First Amendment retaliation claim asserted against Warden Falcone in Count Fifteen and the First Amendment claim asserted on behalf of other inmates in Count Seventeen, and denied the motion in all other respects. *See* Ruling Mot. Dismiss, ECF No. 125, at 26.

The following counts and claims in the fourth amended complaint remain pending: Counts One through Four; Counts Eleven through Thirteen, which pertain to Al-Bukhari's placement in Administrative Segregation at Cheshire Correctional Institution ("Cheshire") and Garner in 2014 and 2015 and the conditions of confinement in Administrative Segregation at Cheshire, Garner and Northern Correctional Institution ("Northern"), including mental health treatment, during a period from March 2014 to August 2017; the claim in Count Fourteen that

pertains to the issuance of a disciplinary report for security tampering on May 22, 2015 at Garner by Correctional Treatment Officer Taranovich, the failure of Dr. Guerrero and Social Workers Kuzebski, John Doe 1 and John Doe 2 to evaluate Al-Bukhari prior to the disciplinary hearing to determine whether his mental health issues played a part in his having engaged in misbehavior and the finding of guilt and imposition of sanctions by Lieutenant Eberle after the disciplinary hearing; and the claim in Count Seventeen that pertains to the decision made by Warden Falcone, on December 11, 2014 at Garner, to deny Al-Bukhari possession of his "Black Men" publication because the publication was sexually explicit. Those claims and counts proceed against defendants Semple, Quiros, Burns, Falcone, Erfe, Maldonado, Cournoyer, Mulligan, Faneuff, Molden, Hein, Dilworth, Robles, Mitchell, Johnson, McDaniels, Eberle, Calderon, Verrastro, Taranovich, Gerbino, Cartwright, Gagne, Frayne, Guerrero, Perelmutter, Brown, Simo-Kinzer, Doe 1, Doe 2 and Kubeski, in their individual capacities. *See id.* at 17-18, 24-25, 27.

Al-Bukhari has filed a motion for order to show cause, three motions for temporary restraining order, two motions for preliminary injunction, a motion for appointment of counsel, a motion for extension of time to file a reply, a motion for copies, a motion for default, a motion to preserve evidence and a motion for extension of time to conduct discovery. For the reasons set forth below, the motions are denied.

## I. Social Worker John Doe 1 and Social Worker John Doe 2

As indicated above, the case proceeds with respect to the claim in Count Fourteen against Social Worker John Doe 1 and Social Worker John Doe 2. In the conclusion of the ruling on the motion to dismiss, the court informed Al-Bukhari that he must provide the court with the first

3

and last names for Social Workers John Doe 1 and John Doe 2 in order to enable the U.S. Marshal to serve them with a copy of the Fourth Amended Complaint. *See id.* at 27. The court cautioned Al-Bukhari that failure to provide the necessary service information within thirty days would result in dismissal of the action against Doe defendants pursuant to Rule 4(m), Fed. R. Civ. P.

Over three months since the court's ruling on the motion to dismiss has elapsed and Al-Bukhari has not provided the court with the first and last names of the Social Worker John Doe 1 or Social Worker John Doe 2. Nor has he sought an extension of time to ascertain the names of the John Doe Social Workers. Accordingly, the claims against the Doe defendants are dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

**II.     Emergency Motions for Order to Show Cause, Temporary Restraining Order, Preliminary Injunction and for Extension of Time to File a Reply [ECF Nos. 101, 102, 112]**

On March 9, 2018**,** Al-Bukhari filed a motion seeking an order to show cause, a temporary restraining order and a preliminary injunction and on March 14, 2018, Al-Bukhari filed a motion seeking a temporary restraining order and a preliminary injunction. The motions are essentially identical. The court notes that Al-Bukhari filed the same motions in six other cases in this court. *See Al-Bukhari v. Connecticut Department Correction, et al.*, Case No. 3:16-cv-53 (SRU); *Al-Bukhari v. Maurer, et al.*, Case No. 3:16-cv-2009 (SRU); *Al-Bukhari v. Connecticut Department Correction, et al.*, Case No. 3:16-cv-1267 (SRU); *Al-Bukhari v. Semple, et al.*, Case No. 3:18-cv-313 (SRU); *Al-Bukhari v. Semple, et al.*, Case No. 3:18-cv-408 (SRU).

4

On March 29, 2018, the defendants filed a memorandum in opposition to the motions for an order to show cause, for a temporary restraining order and for a preliminary injunction.

Al-Bukhari claims that in early March 2018, Captains Walsh and Salius, who are employed at Walker Correctional Institution ("Walker"), denied or interfered with his right to contact and communicate with attorneys who worked for the Inmate Legal Aid Program ("ILAP"). He contends that Captains Salius and Walsh hindered his access to telephone calls in retaliation for his filing of three federal lawsuits in February and March 2018 against Department of Correction employees and for sending written requests regarding conditions of confinement at Walker to Commissioner Semple and Director Burns. He seeks an order prohibiting prison staff at Walker from restricting his ability to communicate by telephone with attorneys, paralegals and legal assistants at ILAP and an order requiring prison official at Walker to permit him to use the "non-inmate" telephones as well as inmate telephones to call ILAP.

In their response to the motions for injunctive relief, the defendants state that during most of December 2017 and January and February 2018 Al-Bukhari had been sanctioned to loss of telephone privileges. *See* Defs.' Mem. Opp'n Mots. TRO & Prelim. Inj., Ex. A., [ECF No. 107-1], Mulligan Aff. ¶ 5. Despite that fact, prison officials at Walker permitted Al-Bukhari to make thirty-six legal telephone calls to ILAP from December 2017 until the end of February 2018 and four legal calls during March 2018. *See id.*, Ex. A, Mulligan Aff. ¶¶ 5-6, 11-13; Ex. B., ECF No. 107-2.

As indicated above, the remaining claims in the fourth amended complaint pertain to Al-Bukhari's placement in Administrative Segregation at Cheshire and Garner in 2014 and 2015

5

and the conditions of confinement in Administrative Segregation at Cheshire, Garner and Northern, including mental health treatment, during a period from March 2014 to August 2017. The defendants who remain in the action are employed at Garner, Cheshire and Northern. Neither Captain Walsh, nor Captain Salius are defendants in this action and there are no allegations in the fourth amended complaint regarding conditions of confinement at Walker. Thus, the requests for injunctive relief are unrelated to the claims that remain pending in this action.

It would be inappropriate for the court to grant a request for injunctive relief that is unrelated to the claims and the defendants in the complaint. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit."); *Stewart v. INS*, 762 F.2d 193, 198 (2d Cir. 1985) (holding district court lacked jurisdiction over motion for injunctive relief relating to conduct not alleged in plaintiff's complaint); *Ramos v. Univ. of Connecticut Health Ctr.*, No. 3:17-CV-326 (VAB), 2018 WL 2465356, at *7 (D. Conn. June 1, 2018) (denying motion for injunctive relief because "request . . . seeking free copies of documents [was] not related to the claim[] [that physician denied plaintiff medication] in the Amended Complaint"); *Milner v. Black*, No. 3:16-CV-1621 (SRU), 2017 WL 2661626, at *2 (D. Conn. June 20, 2017) ("The claims in this action concern treatment for seizures that Milner received at Bridgeport Correctional Center. There are no claims regarding confinement in administrative or punitive segregation, denial of telephone calls to family or the ability to

6

purchase food, or medical care for other complaints. Because those issues are not related to any claims in this case, the request for injunctive relief to address them is denied."); *Williams v. City of Hartford*, No. 3:15CV00933(AWT), 2016 WL 7493952, at *1 (D. Conn. Dec. 30, 2016) (denying plaintiff leave to file motion for injunctive relief "because relief requested in the proposed motion for injunctive relief" – an order directing Department of Correction officials to return legal materials to the plaintiff - "d[id] not relate to the conduct giving rise to the allegations of the Amended Complaint" - federal and state law claims of false arrest and malicious prosecution) .

Furthermore, it is apparent that approximately two weeks after filing the motions seeking injunctive relief, prison officials transferred Al-Bukhari to Northern. *See* Notice Change of Address, ECF No. 105. The requests seeking injunctive relief from officials at Walker became moot upon Al-Bukhari's transfer to Northern. For all the reasons set forth above, the motions for an order to show cause, a temporary restraining order and a preliminary injunction are denied.

On April 11, 2018, Al-Bukhari filed a motion seeking a two-week extension of time to file a reply to the defendants' opposition to his motions for injunctive relief. Al-Bukhari is not required to file a reply the defendants' memorandum in opposition to his motions. *See* D. Conn. L. Civ. R. 7(d). Because the court has concluded that Al-Bukhari has not demonstrated a basis for the relief sought in his motions and has denied the motions, his motion for extension of time to file a reply to the memorandum in response to the motions is denied as moot.

7

### III. Motion for Temporary Restraining Order [ECF No. 120]
### Emergency Motion for Preservation of Evidence [ECF No. 130]

In the motion for temporary restraining order, filed on June 19, 2018, Al-Bukhari seeks an order requiring the defendants to preserve camera footage from Northern for the date of June 11, 2018 and to take photographs of alleged injuries to his face that he suffered when he banged his head on a wall on that date. *See* Mot. TRO, ECF No. 120, at 1. He claims that he suffered a concussion and that prison officials at Northern are denying him medical and mental health treatment. *See id.* He contends that prison officials at Northern have not preserved the video footage of the incident and that the footage will be destroyed in five weeks if it is not formally preserved. *See id.* at 1-2.

Al-Bukhari filed an emergency motion to preserve evidence on December 27, 2018. He seeks an order directing the defendants to preserve video footage of the inpatient medical unit at Northern from 7:00 a.m. to 9:55 a.m. on December 5, 2018. *See* Emergency Mot., ECF No. 130 at 1. Al-Bukhari claims that he was confined in the medical unit on December 5, 2018 because he had attempted to harm himself on December 4, 2018. *See id.* Al-Bukhari contends that this incident is "identical to the claim in this action and is not outside the pleadings." *See id.* at 2. Al-Bukhari states that he has made no independent attempts to request that prison officials preserve the video footage.

Although Al-Bukhari describes the incident that occurred in December 2018 at Northern as identical to a claim in this action, there are no allegation in the fourth amended complaint regarding Al-Bukhari banging his head. Nor does the court consider the allegations regarding incidents that occurred at Northern in June and December 2018 to be related to the allegations in

8

the fourth amended complaint that pertain to Al-Bukhari's placement in Administrative Segregation at Cheshire and Garner in 2014 and 2015 and the conditions of confinement in Administrative Segregation at Cheshire, Garner and Northern, including mental health treatment, during a period from March 2014 to August 2017.

Furthermore, Al-Bukhari has not alleged that he made any attempts to submit a request for preservation of video footage from June 11, 2018 or any attempts to submit a request that photographs be taken of his face and head directly to a prison official at Northern prior to filing his motion for temporary restraining order. Al-Bukhari concedes that he made no independent attempt to submit a preservation request for videotape from December 5, 2018 to a Department of Correction official prior to filing his emergency motion for preservation.

In addition, the court, in its Order Regarding Future Filings, docketed on April 18, 2018 in this case, explicitly warned Al-Bukhari that any "requests for restraining orders or other injunctive relief must relate to the allegations of, or the relief requested in the underlying complaint" filed in the action. *See* Order, ECF No. 115 at 2. There is no indication from the record or any filings by Al-Bukhari that he did not receive a copy of this order or was not aware of it prior to filing the motion for temporary restraining order or the motion to preserve evidence.

Accordingly, for all of the reasons set forth above, the motion for temporary restraining order seeking relief pertaining to an incident that occurred at Northern on June 11, 2018 and the emergency motion to preserve video footage of the medical unit at Northern on December 5, 2018 are denied. If the defendants have preserved the video, notwithstanding Al-Bukhari's failure to request they do so, they shall continue to preserve it.

### IV. Motion for Default [ECF No. 127]

Al-Bukhari seeks to default the defendants for failure to plead to the fourth amended complaint. Because the defendants filed an answer to the fourth amended complaint on December 18, 2018, they are not in default for failure to plead. The motion for default is denied.

### V. Motion for Copies [ECF No. 119]

Al-Bukhari contends that he did not receive copies of eleven documents entered on the docket from March 27, 2018 to May 31, 2018. He seeks free copies of these documents.

The fact that the court previously granted Al-Bukhari permission to proceed *in forma pauperis* does not automatically entitle him to free copies of documents or rulings. *See Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (28 U.S.C. § 1915 "does not give the [prisoner] litigant a right to have documents copied and returned to him at government expense"); *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006) ("inmate[s] ha[ve] no constitutional right to free [photo]copies").

Furthermore, all but two of the eleven documents that Al-Bukhari claims he does not have copies of were filed by him. *See* ECF Nos. 105, 106, 108, 110, 112, 113, 114, 116, 117. To the extent that Al-Bukhari is unsure of the document number assigned to each document that he submitted for filing from March 27, 2018 to May 31, 2018, the Clerk is directed to send a copy of the docket sheet to Al-Bukhari to enable him to review the docket entries for those documents. Al-Bukhari also seeks copies of two memoranda filed by the defendants during

the period from March 27, 2018 to May 31, 2018. Those documents are: defendants' memorandum in opposition, ECF No. 107, to his motion for temporary restraining and preliminary injunction and defendants' memorandum in opposition, ECF No. 109, to his supplemental memorandum in opposition to the motion to dismiss. Given that Al-Bukhari sought leave to file a reply to the memorandum in opposition to his motions for temporary restraining and preliminary injunction and filed a reply to the memorandum in opposition to his supplemental memorandum in opposition to the motion to dismiss, it is evident that Al-Bukhari previously received copies of both memoranda in opposition. *See* ECF No. 112 (Mot. Ext. Time File Reply); ECF No. 114 (Reply to Suppl. Mem. Opp'n Mot. Dismiss). Thus, Al-Bukhari has not demonstrated a need for free copies of the defendants' memoranda or the documents filed by him during the period from March 27, 2018 to May 31, 2018. The motion for free copies of documents is denied.

## VI.    Motion for Appointment of Counsel [ECF No. 103]

Al-Bukhari seeks the appointment of *pro bono* counsel. He acknowledges that the court previously appointed counsel to represent him in this case as well as other cases filed in this court, but that on July 13, 2017, the court permitted *pro bono* counsel to withdraw and denied his motion for the appointment of successor *pro bono* counsel. *See* Min. Entry, ECF No. 62 and Order, ECF No. 63.

Civil litigants do not have a constitutional right to the appointment of counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil

case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added). In addition, the Second Circuit has repeatedly cautioned the district courts against routinely appointing *pro bono* counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).

Al-Bukhari claims that he is mentally ill and suffers from post-traumatic stress disorder. He does not allege that he has been unable to litigate this case on his own. Furthermore, as indicated above, he has acknowledged that he sought and received assistance from ILAP with regard to this and other cases filed by him in federal court. *See* Mems. Supp. Mot. TRO & Prelim. Inj., ECF Nos. 101-1 at 1; 102-1 at 1-2. The court concludes that based on the current record, the appointment of successor *pro bono* counsel is not warranted because Al-Bukhari has been and will be able to effectively litigate this case on his own. Accordingly, the motion to appoint successor *pro bono* counsel is denied without prejudice.

### VII. Motion for Extension of Time to Conduct Discovery [ECF No. 132]

On September 21, 2018, the court set new deadlines for the completion of discovery, January 8, 2019, and the filing of summary judgment motions, February 8, 2019. *See* Ruling Mot. Dismiss, ECF No. 125, at 27. Al-Bukhari seeks a sixty-day extension of the deadline set by the court for completion of discovery in order to "do follow up production" and to serve requests for admission and interrogatories on the defendants. *See* Mot. Ext. Time at 1-2. That motion is granted.

**VII. Conclusion**

(1) The claims against Social Worker John Doe 1 and Social Worker John Doe 2 are **DISMISSED** pursuant to Rule 4(m), Fed. R. Civ. P. **The Clerk shall terminate Social Worker John Doe 1 and Social Worker John Doe 2 as defendants.**

(2) The Emergency Motion for Order to Show Cause, Temporary Restraining Order Preliminary Injunction, [**ECF No. 101**], the Emergency Motion for Temporary Restraining Order and Preliminary Injunction, [**ECF No. 102**], the Motion for Temporary Restraining Order, [**ECF No. 120**], the Emergency Motion for Preservation of Evidence, [**ECF No. 130**], and the Motion for Default, [**ECF No. 127**], are **DENIED**. The Motion for Extension of Time, [**ECF No. 112**], to file a reply to the memorandum in opposition to motions for injunctive relief is **DENIED** as moot. The Motion for Extension of Time to Conduct Discovery, [**ECF No. 132**], is **GRANTED**. The Motion for Appointment of Successor *Pro Bono* Counsel, [**ECF No. 103**] is **DENIED** without prejudice. The Motion for Copies [**ECF No. 119**], is **DENIED**. The Clerk is directed to send a copy of the docket sheet to Al-Bukhari to enable him to review documents that he filed during the period from March 27, 2018 to May 31, 2018.

(3) Discovery shall be completed by March 9, 2019. Motions for summary judgment, if any, shall be filed no later than April 9, 2019.

**SO ORDERED** at Bridgeport, Connecticut this 22nd day of February, 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge